JOHN DOOLEY, Appellee, v. BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY, Appellant.

1. **Railroads**: EJECTION OF PASSENGER: ACTION FOR DAMAGES: PLEADING. Where, in an action to recover damages on account of an ejection from a railroad train for refusing to pay the fare demanded, the plaintiff relied, in his petition, upon a contract with the railroad company as presented in a ticket purchased by him, *held*, that the plaintiff's right to recover must depend upon the contract contained in the ticket.

2. ———: ———: ———: MUTILATION OF CONTRACT: EVIDENCE. At the time of the plaintiff's ejection from the train in 1891 he held a ticket purchased in 1890, which he claimed was, according to its terms, good for passage until 1899, but at the time of its production in evidence on the trial it was impossible to determine, from inspection, the date to which it run, because of its mutilated condition. *Held*, that the ticket agent, of whom the ticket in question was purchased, should have been permitted to testify as to the limit of time to which he was permitted to sell tickets at the time of the purchase.

*Appeal from Palo Alto District Court.*—HON. LOT THOMAS, Judge.

TUESDAY, OCTOBER 17, 1893.

EMMETSBURG and West Bend are stations on the defendant's road.  The regular fare between the stations is fifty-five cents.  On the twenty-seventh day of October, 1890, the plaintiff purchased of the defendant's agent at Emmetsburg a round-trip ticket to West Bend and return, for which he paid one dollar.  The ticket was composed of two parts; one to be used in going, and the other in returning.  The trip to West Bend was made, and the part of the ticket for that purpose was, by the conductor, detached, and the return part was retained by the plaintiff, and, with certain exceptions, to be stated, it was as follows:

"Burlington, Cedar Rapids and North'n R'y.

Return Excursion Ticket.

Good for one passage.

From                WEST BEND.

To                  Emmetsburg.

If presented on or before Nov. 27, 189

Conductors will take up this ticket and collect full fare if presented after the date named above. Passengers will not be allowed to stop over on this ticket.                    J. E. HANNEGAN,

2833                Gen. Tick. & Pass. Agt."

The original ticket was printed, except the words "West Bend" and "Nov. 27," which words were written in, and also a change made in the figures "189," which change is a subject of dispute in the case, the contention being whether it was so changed as to read "1890" or "1899."  On the thirty-first day of March, 1891, the plaintiff came on board the defendant's train at West Bend, and offered the retained part of the ticket for his passage to Emmetsburg, which the conductor refused to accept, and demanded fare, which being refused the plaintiff was at the next station, Rodman, ejected from the train, and compelled to walk about ten miles to Emmetsburg, and this action is for damages because of such eject-

ment. The jury returned a verdict for three hundred dollars, and, from a judgment thereon, the defendant appeals.—*Reversed.*

*S. K. Tracy* and *Soper, Allen & Morling*, for appellant.

*C. E. Cahoon* and *Thomas O'Conner*, for appellee.

GRANGER, J.—I. A question of fact submitted to the jury was as to the year to which the ticket was limited; that is, was it 1890 or 1899? The instructions of the court make the plaintiff's right to recover depend upon the limit actually in the ticket when it was issued. The jury was told that if the limit of the ticket, as expressed on its face, was November 27, 1890, it did not entitle the plaintiff to a passage when offered; but, if the limitation so expressed on the ticket was November 27, 1899, the plaintiff was entitled to a passage on the ticket. From this, we understand that the court treated the contract as that expressed on the face of the ticket. In view of the pleadings, we think this was proper. This much is said because of a claim in argument that the ticket did not contain the contract, but was in the nature of a receipt or voucher. The situation of the case does not call for the determination of such a question. Unmistakably the petition seeks a recovery only on the terms of the contract as indicated by the ticket by stating that it was "good for return until the twenty-seventh of November, 1899." The allegation is met by a statement in the answer that "said ticket was only good to November, 27, 1890." We treat such pleadings as putting in issue the fact of what the ticket contained. If, as to matters of such dates, the ticket did not express the intention of the parties, or for any reason was not to control, it should be inquired into only when properly put in issue.

1. RAILROADS: ejection of passenger: action for damages: pleading.

II.  The inquiry, then, was limited to the actual terms of the ticket when issued. The court said to the jury

2. __: __: __. that the ticket was somewhat mutilated, mutilation of contract: evidence. and that it was uncertain as to the time it should remain in force.  But for this uncertainty there would have been no necessity for testimony to fix the date, for the ticket would have settled the dispute as to time.  The plaintiff testified that the ticket, when he obtained it, had the figures "189" in print, and the figure "9" added in ink, making "1899."  The conductor testified that when presented to him the ticket read "1890."  The ticket is properly certified and before us, and it is impossible to determine from inspection at this time what the date is, because of its mutilated condition.  The fact as to the actual date is one of much doubt.  The court told the jury to determine the fact "not alone from the ticket," but from all the evidence in the case.

One Stickney was the agent for the company that sold the ticket, and, as a witness, testified that the ticket was in his handwriting, but that he did not remember the particular sale, and could not testify as to the actual date inserted.  He was then asked to state the limit he was, at that time, "permitted to sell the tickets on, on what limitation?"  The question was excluded as incompetent and immaterial.  The ruling is erroneous.  In an issue of that kind we think the jury could properly consider the authority the agent possessed in determining the date he probably put to the ticket. If, by his instructions, he was limited to thirty days, then the date claimed by the plaintiff could only be as the result of a mistake, and it was certainly proper for the jury to consider the probability of a mistake in reaching a conclusion.  The jury, by a special finding, returned that the limit of the ticket was 1899, and in view of the evidence on that point the question excluded was very important.  In view of another

trial, it is proper to add that, in our judgment, the special finding of the jury that unnecessary force was used to remove the plaintiff from the train is clearly without support.

The judgment is REVERSED.